IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY KROUSKOUPF,**   CASE NO. 2:08-cv-367
                       JUDGE HOLSCHUH
**Petitioner,**         MAGISTRATE JUDGE ABEL

v.

**EDWIN VOORHIES, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge concludes that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d), and therefore **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

This action involves petitioner's June 18, 2005, convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on seven counts of breaking and entering, in violation of O.R.C. 2911.13(A), four counts of theft, in violation of O.R.C. 2913.02(A)(1), vandalism, in violation of O.R.C. 2909.05(B)(1)(a). *Exhibits 2, 3 and 4 to Return of Writ.* On August 22, 2005, in a judgment entry filed September 8, 2005, the trial court sentenced petitioner to an aggregate term of four years incarceration plus one year for violation of his post release control, such terms to be served consecutively. Petitioner did

not timely appeal. In December 2006, he filed a motion for judicial release with the state trial court. *Exhibit 5 to Return of Writ.* On January 5, 2007, the trial court denied petitioner's motion. *Exhibit 6 to Return of Writ.* Thereafter, on May 29, 2007, petitioner filed a notice of appeal of his conviction, and motion for delayed appeal with the state appellate court. *Exhibit 9 to Return of Writ.* As cause for his untimely filing, petitioner asserted that his attorney told him he would be placed in the intensive prison program after serving one year if he did not appeal his sentence, and placed on probation. *See id.* On July 11, 2007, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 10 to Return of Writ.* Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 11 to Return of Writ.* However, on December 12, 2007, the Ohio Supreme Court dismissed petitioner's appeal. *Exhibit 13 to Return of Writ.* On June 7, 2007, petitioner again filed a motion for judicial release. *Exhibit 14 to Return of Writ.* On January 18, 2008, the trial court again denied petitioner's motion. *Exhibit 15 to Return of Writ.*

On April 17, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The petitioner's constitutional rights under the 5th, 6th, 14th Amendments of the United States Constitution was violated when the State of Ohio failed to grant petitioner a delayed appeal as of right.
>
> Petitioner was sentenced on July 18, 2005, the petitioner's time to file his timely appeal as of right expired 30 days thereafter, counsel advised the petitioner not to file a timely appeal because if he did petitioner would not get the intense prison

2

program that would make petitioner eligible for release in 90 days. [T]he program was later denied. Petitioner later discovered after his sentencing that the Ohio Supreme ruled that the sentencing factor finding used to impose consecutive sentences was unconstitutional pursuant to *Blakely* and the court severed certain Ohio sentencing statutes on February 27, 2006, this was when petitioner's consecutive sentencing was recognized as being unconstitutional. Therefore, petitioner should have only been sentenced to minimum and concurrent sentences.

2. Petitioner's constitutional rights under the 5th, 6th, 14th Amendments were violated, when the State of Ohio imposed maximum and consecutive sentences upon petitioner.

The Court of Common Pleas lack[ed] authority to impose consecutive sentences, because the State Guidelines that required judicial fact finding before a consecutive sentence could be imposed was held unconstitutional because they violated a defendant's 6th Amendment right to a jury trial. Therefore Ohio could not rely on those findings to impose the consecutive sentences upon this petitioner....

It is the position of the respondent that petitioner's claims are barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the

3

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on October 8, 2005, thirty days after the trial court's September 8, 2005, judgment of sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir.2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on October 8, 2006. Petitioner did not file the instant habeas corpus petition until April 17, 2008, more than 1 ½ years later.[1] Petitioner's May 29, 2007, motion for delayed appeal and his December 2006, and June 2007, motions for judicial release did not toll the running of the statute of limitations, since petitioner filed such actions after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations

---

[1] The record does not reflect the date petitioner signed the petition.

4

period *(i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted).

Petitioner, however, contends that this action is timely because he was not advised of his right to appeal or that he would be ineligible for the prison's "IPP" program after serving one year in prison, and did not learn that he would be not be released until January 5, 2007, when the trial court denied his motion for judicial release. *See Reply*. Therefore, according to petitioner, the statute of limitations should not begin to run until January 5, 2007, when the trial court first denied his motion for judicial release. *Id*. However, the record fails to support petitioner's argument of an off-the-record promise or that he was not advised of his right to appeal.

On June 18, 2005, petitioner signed a guilty plea form indicating:

> No promises have been made except as part of this plea agreement stated entirely as follows:
>
> The defendant hereby acknowledges that through plea negotiations by and between the parties, he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows;
>
> <u>In exchange for the Defendant's plea to the counts herein, the State recommends that the Defendant receive four (4) years in prison and reinstate remaining months of PRC to be served</u>

5

>    consecutive hereto.

*Exhibit 3 to Return of Writ* (emphasis in original). Petitioner also acknowledged:

> I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.

*Id.* At the time he entered his guilty plea, the prosecutor repeated those terms of petitioner's guilty plea:

> In exchange for Mr. Krouskoupf's guilty plea to all of those offenses, Your Honor, the State of Ohio is recommending that the defendant receive a four year prison sentence and reinstate the remaining months of his post release control to be served consecutive to the four years.

*Guilty Plea Transcript*, at 4. The trial court advised petitioner of the potential penalties he faced and repeated the recommendation of the prosecutor. Petitioner at all times indicated he understood, and stated that this was his understanding of the terms of his guilty plea, and he had not been promised anything else. *Id.*, at 5-10. The trial court advised petitioner he had a right to appeal within thirty days. *Id.*, at 11. At sentencing, defense counsel stated that petitioner wanted to get into a "longer term type program" while in prison. *Sentencing Transcript*, at 7.

> He has heard of this Lancaster program which is six to eight months long. We would ask the Court to consider allowing him to get into that program if that's feasible sometime in the future. And... his bottom line is he knows he's got a serious drug problem....
>
> He thought he was released from the prison system too fast the last time, and he wants to finish getting his GED and get his drug problem under control....

6

*Id.*, at 7-8. After the court imposed sentence, petitioner indicated that he understood those terms. *Id.*, at 11. When a prisoner challenges his guilty plea on the basis that it was induced by an unkept promise, the Court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant a summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977). In applying this standard, the Court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id.* at 74.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* Therefore, petitioner's contention that his attorney promised him he would be released after serving only one year incarceration is without support and not credible in view of the record before this Court.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

s/Mark R. Abel  
United States Magistrate Judge